# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

EDWARD C. BECKARD,

        Plaintiff,

    v.                                    Case No.  11-C-0494

CAROLYN W. COLVIN,
Acting Commissioner for Social Security,

        Defendant.

---

### ORDER GRANTING DEFENDANT'S MOTION FOR AFFIRMANCE OF AGENCY DECISION AND ENTRY OF FINAL JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY'S FEES

On May 21, 2011, plaintiff Edward Beckard appealed the final administrative decision denying his claim for Social Security Disability benefits for lack of disability. (Doc. 1 ¶¶ 1-2.)  Two months later, defendant moved to remand this case for further administrative action pursuant to sentence six of section 405(g) of the Social Security Act, 42 U.S.C. § 405(g).  (Doc. 2 at 1-2.) On August 15, 2011, the court granted the motion to remand because portions of the recording from the October 27, 2009, administrative hearing were inaudible.  (Doc. 10 at 1.)

On January 22, 2013, an Administrative Law Judge issued plaintiff a favorable decision, finding him disabled within the meaning of the Social Security Act.  (Doc. 11-1 at 1, 5.)  Accordingly, defendant has filed a motion for affirmance of the agency decision on remand and entry of final judgment.

Courts may enter final judgment in a sentence six remand when the post-remand proceedings are completed and filed with the court.  *See Shalala v. Schaefer*, 509 U.S.

292, 297 (1993).  As such, absent any objection from the plaintiff, and for good cause shown, this motion is granted.

Turning to plaintiff's motion for approval of attorney's fees, he entered a fee contract with Attorney Thomas E. Bush, which provided for the payment of a twenty-five percent contingent fee based on past-due benefits received.  (Doc. 12-2 at 1.)  Attorney Bush has represented Social Security disability claimants since 1977.  (Doc. 12-1 ¶ 6.)   His non-contingent rate is $350 an hour, but he usually represents clients in Social Security cases on a contingent fee basis  (*Id.* ¶ 7.)  Plaintiff received $29,990.40 from the Social Security Administration for past-due benefits.  (Doc. 12-4 at 1.)  However, that reflects a deduction of $9,653.50, which was the amount withheld to pay Attorney Bush his contingent fee. (Doc. 12-1 ¶ 4.)

The Social Security Administration has already paid Attorney Bush $6,000, which appears to represent the fee paid under the fee agreement process set forth in 42 U.S.C. § 406(a)(2)(A) (governing fees for representation in the administrative proceeding).  (*Id.*) In a case of a claim of entitlement to past-due benefits, the agreement between the attorney and the claimant cannot exceed *the lesser of*  25 percent of the total amount of such past-due benefits or $6,000.  42 U.S.C. § 406(2)(A)(ii)(I) and (II); 74 Fed. Reg. 6080 (Feb. 4, 2009)(increasing amount to $6,000 effective June 22, 2009).   Nevertheless, Attorney Bush requests payment of the remaining $3,653.50 pursuant to § 406(b) of the Social Security Act inasmuch as that amount would bring his recovery up to the 25 percent of the total amount of past-due benefits.  42 U.S.C. § 406(b).  In addition, on July 15, 2013, plaintiff filed a motion for judgment and a memorandum supporting an award of $1,922 in

fees pursuant to the Equal Access to Justice Act. Attorney Bush filed plaintiff's affidavit and his assignment of EAJA fee to Attorney Bush. (Doc. 15-1.)

An attorney who successfully represents a Social Security benefits claimant *in court* may be awarded as part of the judgment "a reasonable fee ... not in excess of 25 percent of the ... past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A)(emphasis added). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* Moreover, the Equal Access to Justice Act (EAJA) effectively increases the portion of past-due benefits the successful Social Security claimant may pocket. *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002). Under EAJA, a party prevailing against the United States in court may be awarded fees payable by the United States if the Government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Congress has harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the Social Security claimant's past-due benefits: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 796.

In *Gisbrecht*, the Supreme Court held that contingent fee agreements are permissible under § 406(b); however, courts can review the reasonableness of fees yielded by those agreements. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2010). Contingent fee agreements should be the starting point of a court's review; however, the court must consider the reasonableness of the agreement if the fee award amounts to a "windfall." *McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989). In determining the reasonableness

3

of fees yielded by contingent fee agreements, courts may consider a record of hours that the attorney spent representing the claimant, along with a statement of the attorney's normal hourly rate. *Gisbrecht*, 535 U.S. at 808. Courts may also consider the risk of loss, services performed by the attorney, and skill of the attorney. *See McGuire*, 873 F.2d at 981, 985. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order." *Id.,* 535 U.S. at 808.

In the present case, plaintiff and Attorney Bush entered into a contingent fee agreement. On its face, the amount of $9,653.50 does not violate § 406(b) because it is equal to twenty-five percent of past-due benefits plaintiff received. To the extent that $6,000 was awarded for work at the administrative level, the court considers whether an award of an additional $3,653.50 is reasonable based on work in court. In the case at hand, Attorney Bush provided a statement that included the billable time that his office spent on plaintiff's case *before this court*, totaling eleven hours (8.4 hours by Attorney Bush, and 2.6 hours by paralegals). (Doc. 12-5 at 4.) Mindful of the risk of litigation and the skill level of this attorney, the requested fee is not a windfall or otherwise unreasonable.

With this award, there is still a remaining motion for attorney fees under the EAJA. If the court awards fees under the Social Security Act and the EAJA, as it is allowed to do, only the larger of the two awards may be collected. *Mathews-Sheets v. Astrue*, 653 F.3d 560, (7th Cir. 2011)(citing *McGuire v. Sullivan*, 873 F.2d 974, 977 n. 1 (7th Cir.1989)). Hence, the parties may complete the briefing on the pending motion but Attorney Bush cannot recover twice, as he is limited to the larger of the two awards. Attorney Bush has admitted as much at paragraph 5 of his statement when he acknowledges that he must

4

refund to the plaintiff the smaller fee if he recovers under both statutes. (Doc. 12-1.) Now, therefore,

IT IS ORDERED that defendant's motion for affirmance of agency decision on remand and entry of final judgment is granted.

IT IS FURTHER ORDERED that plaintiff's motion for approval of attorney's fees is granted. Plaintiff shall recover $3,653.50, which represents an award consistent with § 406(b) and the terms of the contingency agreement executed by the plaintiff and Attorney Bush.

Dated at Milwaukee, Wisconsin, this 18th day of July, 2013.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE

5